## SUPREME COURT.

### The John S. Way Manufacturing Company agt. Samuel Corn *et al.*

*Bill of particulars — When motion for, will be denied—Code of Civil Procedure, sections 531, 802, 803.*

In a suit to recover the proceeds of the sale of plaintiffs' goods by defendants, as agents, less their commissions, under a contract, the defendants set up a counter-claim for commissions upon other goods, under said agreement. The plaintiffs replied that the other goods sold were under contracts excepted from the agreement:

*Held*, that defendants are not entitled to a bill of particulars of such contracts, and of the goods furnished under them.

A party can only be required to state the particulars of his own cause of action or defense, and not the cause of action or defense of the adverse party.

*Special Term, October*, 1883.

Potter, J.— This is a motion by defendants to compel plaintiffs to deliver to defendants a bill of particulars of the contracts plaintiffs had with the United States government for furnishing certain goods, with a description of the goods furnished under the contracts, &c. This action is brought by plaintiffs to recover of the defendants the proceeds arising from the sale of plain-

NEW YORK PRACTICE REPORTS. **153**

John S. Way Manufacturing Company agt. Corn *et al.*

tiffs' goods by the defendants, as agents, less their commissions, under a contract. The contract also provided that the defendants should have the selling of all the goods manufactured by plaintiffs, except buffalo robes, &c., and except goods ordered of plaintiffs without plaintiffs' solicitation. The defendants set up a counter-claim that plaintiffs sold goods to other parties which were solicited by plaintiffs and not embraced in the exception, and claim to receive the commissions specified in the contract on the goods sold by plaintiffs. The plaintiffs reply, alleging it sold only goods — buffalo overcoats to the United States government — under contracts made prior to the agreement between the parties, which were excepted from that agreement. Defendants moved for a bill of particulars of said government contracts and of the goods furnished under those contracts.

It will be perceived from this statement that the defendants make a claim against the plaintiffs for certain commissions. It is a cause of action in favor of defendants against plaintiffs, set up as a counter-claim to the claim set up by the plaintiffs against the defendants. I am not aware of any case, and have not been referred to any, where a party making a claim against another party may call upon that other party to give the party making the claim the bill ef particulars of the claim.

It is provided by section 531, Code of Civil Procedure, that a party making a claim against another may be compelled to give the particulars, &c., of the claim he makes. That section and the general power of the court has been held by the court of appeals, in *Dwight* agt. *Germania Fire Insurance Company* (493), to embrace what is set up as a cause of action by one party against another, and also a defense put forward to a cause of action. But even with this extension or construction of the language of section 531, it is still limited in its operation to this reasonable rule, that a party can only be required to state the particulars of his own cause of action or defense and not the cause of action or defense of the adverse party.

In the notice of motion the parties have also sought a dis-

covery of plaintiffs' books of account, not with the defendants but with others, viz., the United States government. If the plaintiff was compellable to produce and discover such books of account, the answer to the motion in that respect is that the defendant must proceed for that purpose by petition under the statute (*Code Civil Pro.*, secs. 802, 804).

Motion denied, with ten dollars costs.